<u>Via ECF</u>
December 4, 2025

Hon. Valerie Caproni
United States District Judge
Thurgood Marshall U.S. Courthouse
40 Foley Square
New York, NY 10007

        Re:    *Environmental Justice Health Alliance for Chemical Policy Reform v. EPA*, Case No. 1:25-cv-07166-VEC

     The parties respectfully submit this joint letter pursuant to the Court's Notice of Initial Pretrial Conference to provide the court with a description of this case, a description of contemplated motions, the basis for the Court's subject matter jurisdiction, and the prospect for settlement of this matter. *See* ECF No. 13.

**(a) Brief description of the case**

     <u>Plaintiffs' claims</u>:

     This case is an action under the Administrative Procedure Act, 5 U.S.C. § 701 *et seq.*, challenging the U.S. Environmental Protection Agency (EPA)'s and its Administrator's final action refusing to issue hazardous-substance spill regulations required under Clean Water Act (CWA) Section 311, 33 U.S.C. § 1321(j)(1)(C). The section of the Act requires the issuance of regulations "establishing procedures, methods, and equipment and other requirements for equipment to prevent discharges of . . . hazardous substances . . . from onshore facilities . . . and to contain such discharges," 33 U.S.C. § 1321(j)(1). Under a 2016 consent decree issued in *Environmental Justice Health Alliance for Chemical Policy Reform v. EPA*, No. 15-cv-5705 (S.D.N.Y.), EPA agreed to take a final action on regulations under Section 1321(j)(1)(C). EPA published that "final action" on September 3, 2019, in which EPA did not issue any new regulations under Section 1321(j)(1), claiming that the "existing framework" of "discharge, containment and accident prevention regulatory requirements" under other statutory authorities "adequately serves to prevent and contain [hazardous substance] discharges," "[b]ased on the reported frequency and impacts of identified [hazardous substance] discharges." 84 Fed. Reg. 46,100, 46,102 (Sept. 3, 2019).

     Plaintiffs, the Environmental Justice Health Alliance for Chemical Policy Reform, Clean Water Action, and the Natural Resources Defense Council, contend that EPA's action is arbitrary, capricious, and contrary to law. EPA's action refusing to issue regulations violates the Agency's obligation under 33 U.S.C. § 1321(j)(1) to "issue regulations" that meet the stated statutory requirements. EPA's final action also arbitrarily relies on patently incomplete data and erroneous and unlawful assessments of the scope and effect of existing, non-Section 1321(j)(1) regulations. Plaintiffs therefore ask the court to hold unlawful and set aside EPA's final action and remand the matter to EPA to finalize a new decision on hazardous substance spill regulations consistent with its statutory mandate.

Defenses:

EPA's decision not to issue additional hazardous substance spill regulations under 33 U.S.C. § 1321(j)(1)(C) is in accordance with CWA § 311 and was not arbitrary and capricious. EPA specifically identified existing regulatory requirements for procedures, methods, and equipment to prevent and contain discharges of hazardous substances from onshore facilities. The Agency considered whether it was appropriate to issue new regulatory requirements under CWA §311(j)(1)(C) for hazardous substances and determined, as provided in the Final Action and supported by the record, that EPA has met its statutory obligations based on the already existing regulatory framework. EPA's analysis and decision not to promulgate additional regulations was reasonable and consistent with the statute.

EPA further disputes Plaintiffs' contention that it relied on "incomplete data and erroneous and unlawful assessments of the scope and effect of existing. . . regulations." EPA requested information through an Information Collection Request (ICR), analyzed CWA hazardous substance discharges reported to the National Response Center (NRC) over a 10-year period, and supplemented its analysis of this NRC impact data with reported impact data for identified CWA hazardous substance discharges from the National Toxic Substance Incidents Program (NTSIP). EPA issued the Final Action based on a rigorous analysis of the frequency and impacts of reported CWA hazardous substance discharges, as well as the existing framework of EPA regulatory requirements addressing CWA hazardous substance discharges. EPA's ultimate decision to issue no additional regulations was based on an approach which clearly outlined the coverage of the currently existing EPA regulatory frameworks that already sufficiently address the substantive provisions of CWA 311(j)(1)(C).

**(b) Contemplated Motions**

This proceeding is an action for review on EPA's administrative record for the September 3, 2019 final action. The parties anticipate that this case will be resolved on dispositive cross-motions for summary judgment based on the agency record. The parties request that the court adopt the following briefing schedule for those cross-motions:

| | |
|---|---|
| March 2, 2026: | Plaintiffs file motion for summary judgment |
| May 1, 2026: | Defendants file cross-motion for summary judgment and response in opposition to Plaintiffs' motion. |
| June 1, 2026: | Plaintiffs file a consolidated reply in support of Plaintiffs' motion and response in opposition to Defendants' motion |
| July 1, 2026: | Defendants file reply in support of Defendants' motion |

**(c) Basis for subject matter jurisdiction**

This court has subject matter jurisdiction under 28 U.S.C. § 1331 because Plaintiffs' claims arise under federal law, the Administrative Procedure Act and the Clean Water Act.

**(d) Prospects for settlement**

The parties do not anticipate any prospects for settlement.

**(e) Whether the parties believe a Rule 16 conference would be helpful**

The parties do not believe a Rule 16 conference is necessary in this matter. The parties agree on the Case Management Plan proposed herein and ask that their proposed Case Management Plan be so ordered.

**(f) Case Management Plan**

(1) The parties submit that this is an action for review of an agency decision that is exempt from the mandatory scheduling order required by Fed. R. Civ. P. 16(b), *see* S.D.N.Y. Local Civil Rule 16.1, and exempt from initial disclosure under Fed. R. Civ. P. 26(a)(1)(B)(i). As a proceeding on the administrative record, the parties do not anticipate that there will be any discovery.

(2) The parties do not consent to conducting further proceedings before a United States Magistrate Judge.

(3) This case is not to be tried to a jury.

(4) Defendants expect to lodge the administrative record with the Court along with their answer on December 17, 2025. EPA is in the process of compiling the administrative record, but anticipates that it will be voluminous and would require a cumbersome process of separating the record into numerous individual files to file it on the Court's ECF system due to the system's file size restrictions. Accordingly, Defendants propose to file a notice of lodging, record index and supporting documents electronically via ECF, while simultaneously providing electronic versions of the record documents to the Court on a flash drive or CD. Defendants will provide the administrative record to plaintiffs via an electronic file sharing platform.

Counsel for the Parties:

| | |
|---|---|
| /s/ Sarah Buckley | JAY CLAYTON |
| Sarah Buckley | United States Attorney for the |
| Natural Resources Defense Council | Southern District of New York |
| 1152 15th Street NW, Suite 300 | Attorney for Defendant |
| Washington, D.C. 20005 | |
| sbuckley@nrdc.org | By:/s/ Dominika Tarczynska |
| (202) 836-9555 | Dominika Tarczynska |
| | Assistant United States Attorney |
| | 86 Chambers Street, 3rd Floor |

                                                    New York, New York 10007
                                                    dominika.tarczynska@usdoj.gov
                                                    (212) 637-2748
                                                    dominika.tarczynska@usdoj.gov